UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROOSEVELT KIRK,

   Petitioner,

v.                                                   Case No. 5:23cv105-TKW-HTC

RICKY DIXON,

   Respondent.
_____/

### REPORT AND RECOMMENDATION

Petitioner, Roosevelt T. Kirk, who was 15 years old at the time he was initially convicted of first-degree murder and armed robbery, files this petition under 28 U.S.C. § 2254, seeking to vacate an amended judgment entered on December 10, 2020, *nunc pro tunc* to the original judgment and conviction entered on September 14, 1984. ECF Doc. 1. Respondent, the Secretary of the Department of Corrections, moves to dismiss the petition as a successive petition for which Petitioner did not get approval from the Eleventh Circuit to file and also as untimely. ECF Doc. 7. Upon consideration of the motion, Petitioner's response, ECF Doc. 9, the record, and the relevant law, the undersigned recommends the motion be GRANTED. As the law in this circuit currently sits, an amended judgment which is entered *nunc pro tunc*, is not a "new" judgment which restarts the statute of limitations period under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

I. **BACKGROUND**

    A. **Offense and Conviction**

In 1983, Petitioner was charged with first-degree murder and armed robbery in Bay County Circuit Court Case No. 1983 CF 988. ECF Doc. 7-1 at 2. Petitioner ultimately pleaded guilty to both charges. ECF Doc. 7-2. On September 14, 1984, Petitioner was sentenced to life in prison with the possibility of parole for murder (after 25 years) and a concurrent term of twenty-five years in prison for robbery. ECF Doc. 7-3. He did not seek a direct appeal.

    B. **Relevant Postconviction History and AEDPA Time Limit**

On June 26, 1998, Petitioner filed a habeas corpus petition with the First District Court of Appeals ("First DCA"). *See* Case No.: 1D98-2392. This was his first post-conviction motion or appeal. The First DCA denied the petition without written opinion, *Kirk v. Singletary*, 718 So. 2d 176 (Fla. 1st DCA Aug. 6, 1998), and the Florida Supreme Court dismissed his petition for review on September 23, 1998, *Kirk v. Singletary*, 725 So. 2d 1108 (Fla. 1998).

In January 1999, Petitioner filed a federal petition under 28 U.S.C. § 2254 in this District, *Kirk v. Moore*, 5:99cv00006-MP (N.D. Fla.). In May 2000, the court denied the petition with prejudice as untimely. ECF Doc. 15 in *Kirk v. Moore, supra.* On July 13, 2001, Petitioner filed a second federal habeas petition in this District, *Kirk v. Moore*, 5:01cv00151-MP (N.D. Fla.). On February 14, 2002, the court dismissed the petition as successive. ECF Doc. 14 in *Kirk v. Moore*, *supra.*

Case No. 5:23cv105-TKW-HTC

On November 4, 2015, Petitioner filed a Florida Rule 3.850 post-conviction motion, ECF Doc. 7-4 at 8, arguing his parole eligible life sentence violated the Eighth Amendment and seeking to be resentenced under *Miller v. Alabama*, 567 U.S. 460 (2012).[1]  The circuit court denied the motion, finding *Miller* to be inapplicable because "Defendant was sentenced to life in prison *with the possibility of parole after 25 years*, while *Miller* applies only to sentences involving life without the possibility of parole."  ECF Doc. 7-4 at 27 (emphasis in original).

Petitioner appealed, and the First DCA reversed the denial based on *Atwell v. State*, 197 So. 3d 1040, 1041 (Fla. 2016), a case in which the Florida Supreme Court held that a life sentence with the possibility of parole under Florida's system of parole is unconstitutional under *Miller* because the parole board could not consider the offender's juvenile status.  *Kirk v. State*, 210 So. 3d 769, 769 (Fla. 1st DCA Feb. 16, 2017).  The State agreed the matter should be remanded.  The First DCA directed that Petitioner "be resentenced in conformance with chapter 2014–220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes."  On remand, the circuit court set the matter for a resentencing hearing.  ECF Doc. 7-9.

On June 13, 2018, the state court held a juvenile resentencing hearing pursuant to Fla. Stat. § 921.1401.  *See* Transcript of Resentencing, ECF Doc. 7-10.  On

---

[1] In *Miller*, the United States Supreme Court held that the Eighth Amendment prohibits a sentence of life without the possibility of parole for a juvenile convicted of a nonhomicide offense.

Case No. 5:23cv105-TKW-HTC

December 10, 2020, the Court reimposed the original sentence of life in prison with the possibility of parole and judicial review after twenty-five years. ECF Doc. 7-11. On the same day, the court entered a twenty-nine-page resentencing order, detailing the procedural history and testimony from the sentencing hearing and applying the juvenile sentencing factors in section 921.1401(2) to the evidence. Although the judge signed the amended judgment on December 15, 2020, he included the typewritten statement next to his signature: "NUNC PRO TUNC 9/14/1984". *Id.*

Petitioner appealed the judgment and conviction to the First DCA. *See* Case No.: 1D20-3598. Petitioner challenged the court's determination that the factors in Fla. Stat. § 921.1401(2), were supported by competent, substantial evidence and argued the trial court abused its discretion in imposing a life sentence. ECF Doc. 7-14 at 35. The First DCA affirmed with a written opinion on May 11, 2022, and denied rehearing on June 20, 2022. *Kirk v. State*, 339 So. 3d 1043 (Fla. 1st DCA 2022), *reh'g denied* (June 20, 2022). The mandate was issued on July 7, 2022. ECF Doc. 7-17.

Petitioner filed the instant federal petition on March 17, 2023, raising a single ground that the trial court erred by "resentencing Petitioner who was juvenile at the time of his offense to a life sentence … in violation of the 8th Amendment of the Federal Constitution." ECF Doc. 1 at 4.

## II. DISCUSSION

With certain exceptions (which do not apply here), under the AEDPA, a petitioner seeking to file a successive petition in the district court must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application". *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to consider a second or successive habeas petition. *See, e.g.*, *Osbourne v. Sec'y, Fla. Dep't of Corrs.*, 968 F.3d 1261, 1264 (11th Cir. 2020). However, a petitioner may be "entitled to another round of federal habeas corpus review," if there is a "a new judgment intervening between [his] two habeas petitions." *See Miller v. Sec'y, Dep't of Corr.*, 2022 WL 29924, at *2 (11th Cir. Jan. 4, 2022) (citing *Magwood v. Patterson*, 561 U.S. 320, 339 (2010)). Whether the instant petition is successive depends on "the judgment challenged." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017). Thus, the issue before this Court is whether the December 2020 amended sentence is a new judgment for purposes of § 2254, as Petitioner argues.

The starting point for this discussion begins with the United States Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), where the Court found that an amended sentence after a full resentencing was a new, intervening judgment and that a petition challenging it would not be considered a successive petition. Although the trial court ultimately imposed the same sentence, in reversing the Eleventh Circuit's dismissal of Magwood's habeas petition as successive, the

Case No. 5:23cv105-TKW-HTC

Supreme Court concluded that because (1) a new intervening judgment had been entered after resentencing and (2) the new § 2254 petition challenged "new errors" made at resentencing, the petition was not a second or successive petition. *Id.* at 339, 342.

After *Magwood* was decided, the Eleventh Circuit decided *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1277-81 (11th Cir. 2014), and found the petitioner there also benefited from a new judgment. Relying on *Magwood*, the court found that the May 22, 2009, corrected sentence was a new, intervening judgment which rendered the subsequent petition not successive, even though the petition included claims of error related to the conviction (and not just the new sentence).

Since *Insignares* was decided, however, the Eleventh Circuit has narrowed the application of *Magwood*, particularly when it comes to amended judgments entered "*nunc pro tunc.*" The first narrowing of *Magwood* can be seen in *Patterson v. Sec'y, Fla. Dep't of Corr.* There, the court made clear that "not every action that alters a sentence necessarily constitutes a new judgment for purposes of § 2254." *Osbourne*, 968 F.3d at 1265. The court found the facts in *Patterson* to be distinguishable from *Magwood* and *Insignares* because the trial court did not issue a new prison sentence and, instead, "merely issued an order barring the imposition of the chemical castration condition." *Id.* Thus, because the court did not "otherwise address the term of Patterson's imprisonment," there was no intervening judgment authorizing Patterson's confinement. *Id.* at 1265-66. In deciding *Patterson,* the

court rejected the argument that whether a judgment is new depends on whether the sentence "has materially changed," as well as the argument that "any order that alters a sentence necessarily constitutes a new judgment." *Id.* at 1266.

Three years after *Patterson*, the Eleventh Circuit decided *Osbourne v. Sec'y, Fla. Dep't of Corr.*[2] Once again, distinguishing *Insignares*, the court found "the determining factor as to whether the state court judgment is a 'new judgment' for purposes of § 2244(b) turns on the *nunc pro tunc* designation." *Osborune*, 968 F.3d at 1266. That court found that designation to be significant because, under Florida law, such a designation "refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record was absent or defective." *Id.*, citing *Colon v. State*, 909 So. 2d 484, 487 (Fla. 5th Dist. Ct. App. 2005). The court also noted that Osbourne did not challenge the imposition of the amended sentence as *nunc pro tunc* in state court or in the federal petition. Thus, whether that designation was correct was "a matter best left to the province of the state court." *Id.* at 1266; *see also Miller v. Sec'y, Dep't of Corr.*, 2022 WL 29924 (11th Cir. Jan.

---

[2] 968 F.3d 1261, 1264 (11th Cir. 2020). Osbourne was convicted of robbery with a firearm and aggravated battery while possessing a firearm and sentenced in 2003 to life for the robbery and fifteen years on the battery, with a 10-year mandatory minimum on each count. *Id.* at 1263. In May 2014, Osbourne filed a motion to correct illegal sentence in state court, arguing in part that the 10-year mandatory-minimum term for a robbery count was unconstitutional because it was based on possession of a weapon not charged in the information. *Id.* The trial court agreed and ordered that an "amended judgment and sentence will be entered that does not reflect a mandatory ten year minimum for the robbery count." *Id.* Using a sentencing form, the court marked the judgment was amended and provided that the sentence was imposed "*nunc pro tunc*" to the date of the original judgment. *Id.*

Case No. 5:23cv105-TKW-HTC

4, 2022) (finding amended judgment was not a "new judgment" even though the amended judgment was not entered *nunc pro tunc*, where the trial court indicated the sentences were "effective" as of the original date of judgment and did not change or modify petitioner's sentence other than giving him credit for 870 days, rather than 837 days of time served).

Since *Osbourne* was decided, all three federal district courts in Florida, including a court in this District, have relied on *Osbourne* in finding amended judgments entered *nunc pro tunc* do not constitute new judgments restarting the AEDPA. In *Cassidy v. Dixon*, Order of Dismissal, ECF No. 40, 4:20cv131-WS-HTC (N.D. Fla. Oct. 12, 2021), *appeal pending*, 11th Cir. Case. No. 21-14257, Judge Stafford held that an amended sentence, which omitted one count and imposed a 25-year rather than 35-year sentence on Count 1 was not a new judgment because, even though the words "*nunc pro tunc*" were not used, "[t]he state trial judge indicated that the amended sentence related back to the initial sentence imposed on August 8, 2012."[3] *Id.* (citing *Osbourne, supra*; *Heiser v. Sec'y, Dep't of Corr.*, 2021 WL 4295270, at *4 (M.D. Fla. Sept. 21, 2021); *James v. Sec'y, Dep't of Corr.*, 499 F. Supp. 3d 1169, 1174 (S.D. Fla. 2020)).

---

[3] Judge Stafford rejected the undersigned's report and recommendation, finding the petition was not a successive petition because the amended judgment was a new judgment for purposes of § 2254.

Case No. 5:23cv105-TKW-HTC

In *James v. Sec'y, Dep't of Corr.*, the petitioner, like the petitioner here, was a juvenile when he was charged and convicted of first-degree murder and attempted robbery. *James*, 499 F. Supp. 3d at 1171. James was sentenced to life imprisonment on the murder charge and 30 years' imprisonment on the robbery charge. *Id.* After *Miller v. Alabama* was decided, James, like the petitioner here, filed a motion for post-conviction relief and seeking a new sentencing hearing on the grounds that life without the possibility of parole violated the Eighth and Fourteenth Amendments. *Id.* at 1172. Although the state court initially denied relief, the state appellate court reversed and remanded. *Id.*

On remand, the circuit court held a resentencing hearing and lowered James' sentence for the murder conviction from life to 55 years' imprisonment. *Id.* The court designated the sentencing order as being entered "*nunc pro tunc*" to the original judgment. *Id.* James filed an appeal and the state appellate court affirmed, with one ministerial exception – the court found that James "is entitled to sentence review after 25 years" and remanded the case to the circuit court for an order reflecting that change. *Id.* The circuit court entered an order reflecting that change in December 2018, and James filed a federal habeas petition in August 2019. *Id.* at 1173.

Relying on *Osbourne*, the Southern District held that the corrected sentence was not a new judgment for purposes of § 2254 because "the *nunc pro tunc* designation 'related back to the date of the initial judgment.'" *James*, 499 F.Supp.3d at 1174. Although the *James* court ultimately dismissed the petition as untimely

rather than successive (when considering the date of the original judgment and conviction), that decision is nonetheless relevant here. *Id.* at 1177.

Earlier this year, the Middle District decided *Richardson v. Secretary, Dep't of Corr.*, 2023 WL 4419731 (M.D. Fla. July 10, 2023), which, like *James* and this case, involves a juvenile offender who was resentenced after *Miller*. Unlike *James* and this case, however, at the time petitioner moved for resentencing, he had already filed the federal habeas petition. *Id.* at 1. Thus, the district court stayed the petition until after the resentencing was concluded. *Id.* After the district court was notified that the trial court had resentenced petitioner to a reduced sentence from 55 years to 40 years for the murder charge, the court lifted the stay and addressed whether the petition was timely. *Id.* As in *James*, the petition would be timely if the amended judgment was a new judgment which restarted the AEDPA clock. It would not, however, be timely, if the AEDPA clock started with the initial judgment, which was entered in 1997.

Relying on *Osbourne*, the Middle District, like the Southern District, and a court in this District, determined the amended judgment was not a new judgment because it had been entered "*nunc pro tunc* to March 17, 1997, the date of the earlier judgment." *Id.* The court reached this holding even though it acknowledged the "amended judgment did not ministerially correct the earlier judgment and instead substantively amended the judgment." *Id.* (citing *Osbourne*, 968 F.3d at 1266 n.4). The Middle District, thus, dismissed the petition as untimely. *Id.* at *4; *see also*

Case No. 5:23cv105-TKW-HTC

*Heiser v. Sec'y, Dep't of Corr.*, 2021 WL 4925270, at * 3-4 (M.D. Fla. Sept. 21, 2021) (finding that correction of sentence to remove minimum mandatory term, the inclusion of which was an oversight and designation of the amended judgment as *nunc pro tunc* to the original judgment supported determination that the amended judgment was not a new judgment).

In light of the cases above, including *Cassidy*, and the Eleventh Circuit's decision in *Osbourne*, the undersigned must agree with the Respondent that Petitioner's petition is successive. Despite the fact that the trial court entered a lengthy sentencing order after considering a day's worth of evidence and testimony from thirteen (13) witnesses at a resentencing hearing, the court designated the amended judgment as "NUNC PRO TUNC 9/14/1984."[4] Because of the *nunc pro tunc* designation, *Osbourne* compels the conclusion that the original judgment, not the amended judgment of December 15, 2020, is actually "the judgment authorizing the prisoner's confinement." *Magwood*, 561 U.S. at 332. As such, the instant federal petition challenging that confinement is a successive petition requiring Kirk to first

---

[4] As the *Osbourne* court and the *James* court noted, it is not for this Court to determine whether the state court erred in designating the amended judgment as *nunc pro tunc*. Also, while, the results here may seem unfair, for lack of a better word, given that it, arguably, precludes Petitioner from attacking the circuit court's factual determinations and application of those facts to the law as outlined in the 29-page sentencing order, the results are not quite that harsh as Petitioner may seek leave to file a successive petition with the Eleventh Circuit, who may take the opportunity to put a finer point on *Osbourne*.

Case No. 5:23cv105-TKW-HTC

obtain authorization from the Eleventh Circuit under 28 U.S.C. § 2244(b)(3).[5] *Osbourne*, 968 F.3d at 1264.

## III. CONCLUSION

Based on the above, the Respondent's Motion to Dismiss should be granted and the case dismissed as an unauthorized successive petition. The court should not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive. *See Osbourne*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ('COA'), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'") (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

Accordingly, it is respectfully RECOMMENDED:

1.  That the Secretary's motion to dismiss, ECF Doc. 7, be GRANTED.

2.  That the petition under 28 U.S.C. § 2254, challenging the resentencing in *State v. Kirk*, Bay County Circuit Court Case No. 1983 CF 988, ECF Doc. 1, be DISMISSED WITHOUT PREJUDICE.

---

[5] Because the undersigned recommends dismissal based on lack of jurisdiction, the Court need not address whether the petition is also untimely or whether equitable tolling applies.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of September, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.